UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

———————————————————————X

SAMUEL J. COMPO,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

———————————————————————X

———————————————————————X

ROBERT L. FUDA,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

———————————————————————X

———————————————————————X

JOHN P. GEARY,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

———————————————————————X

CIVIL ACTION

NO: 3:02CV1675(PCD)

CIVIL ACTION

NO. 3:02CV01678 (RNC)

CIVIL ACTION

NO. 3:02CV01679 (WWE)

DECEMBER  22, 2003

**FELA HEARING LOSS CASE.  MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE
JUDGE MARGOLIS.**

———————————————————————X

THOMAS KINIRY,                                          CIVIL ACTION

     Plaintiff                                    NO. 3:02CV01680 (JBA)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
———————————————————————X

———————————————————————X

RICHARD LASKEVITCH,                               CIVIL ACTION

                                       NO. 3:02CV1676 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

———————————————————————X

———————————————————————X

JOHN RAGGI,

     Plaintiff                                    CIVIL ACTION

                                       NO. 3:02CV01681 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
———————————————————————X

_____X

EDWARD P. RUSSO,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

_____X

JAMES SCOFIELD,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

_____X

MICHAEL SELMONT,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

CIVIL ACTION

NO. 3:02CV01682 (JCH)

CIVIL ACTION

NO. 3:02CV1683 (JCH)

CIVIL ACTION

NO. 3:02CV1677 (GLG)

_____X

MILLARD J. SULLIVAN,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV01684 (JCH)

_____X

FRANCIS BAKUTIS,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV01877 (MRK)

_____X

ROBERT C. BLACK,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

CIVIL ACTION

NO. 3:02CV01873 (AVC)

_____X

JAMES CAFFREY,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

CIVIL ACTION

NO. 3:02CV01884 (CFD)

_____X

CHARLES KANE,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

CIVIL ACTION

NO. 3:02CV01878 (CFD)

_____X

KARL KAUTZ,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

CIVIL ACTION

NO. 3:02CV01874 (JBA)

_____X

FREDERICK N. KOVAL,                                    CIVIL ACTION

      Plaintiff                                    NO. 3:02CV01879 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

SIGISMONDO LoVERME,                                    CIVIL ACTION

      Plaintiff                                    NO. 3:02CV01880 (PCD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

HENRY MACKEY,                                          CIVIL ACTION

      Plaintiff                                    NO. 3:02CV01881 (AWT)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

ALFRED C. SCHUMACHER,                                          CIVIL ACTION

      Plaintiff                                                   NO. 3:02CV01875 (AHN)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

TIMOTHY STRAND,                                               CIVIL ACTION

      Plaintiff                                                   NO. 3:02CV01883 (AWT)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

TIMOTHY SWEENEY,                                              CIVIL ACTION

      Plaintiff                                                   NO. 3:02CV01872 (RNC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

BILLY JOE WILSON,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants

_____X

CIVIL ACATION

NO. 3:02CV01876 (DJS)

_____X

MICHAEL BETTINI,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants

_____X

CIVIL ACTION

NO. 3:02CV02030 (RNC)

_____X

PAUL F. CIUZIO,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants

_____X

CIVIL ACTION

NO. 3:02CV02032 (JBA)

_____X

RICHARD FANNING,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV02034 (SRU)

_____X

THOMAS FARLEY,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 302CV02035 (WWE)

_____X

CALOGERO FARRUGGIO,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

CIVIL ACTION

NO. 3:02CV02036 (CFD)

_____X

CLYDE GIBBS,                                        CIVIL ACTION

      Plaintiff                             NO. 3:02CV02037 (WWE)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

THOMAS INFANTINO,                                   CIVIL ACTION

      Plaintiff                             NO. 3:02CV02038 (GLG)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

ANTONIO P. SARTORI, JR.,                            CIVIL ACTION

      Plaintiff                             NO. 3:02CV02039 (PCD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants
_____X

_____X

LAWRENCE TRAMAGLINI,                          CIVIL ACTION

     Plaintiff                                NO. 302CV02040 (SRU)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

JOSEPH WALZ,                                   CIVIL ACTION

     Plaintiff                                NO. 3:02CV02041 (DJS)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

MAURICE BARRETT,                               CIVIL ACTION

     Plaintiff                                NO. 3:03CV00180 (DJS)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

DAVID BETRIX,                                              CIVIL ACTION

     Plaintiff                                       NO. 3:03CV00181 (WWE)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

THOMAS BYRNE, SR.,                                        CIVIL ACTION

     Plaintiff                                       NO. 3:03CV00182 (CFD)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

FRANK DiLORENZO,                                          CIVIL ACTION

     Plaintiff                                       NO. 3:03CV00183 (AWT)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

DENNIS INCONSTANTI,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

CIVIL ACTION

NO. 3:03CV00184 (MRK)

_____X

JOHN F. JOHNSON, JR.,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

CIVIL ACTION

NO. 3:03CV00185 (GLG)

_____X

JERRY D. PATTERSON, SR.,

     Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants

_____X

CIVIL ACTION

NO. 3:03CV00187 (GLG)

_____X

PEDRO RODRIGUEZ,                                         CIVIL ACTION

     Plaintiff                                              NO. 3:03CV00188 (JBA)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X
_____X

RICHARD STARR,                                           CIVIL ACTION

     Plaintiff                                              NO. 3:03CV00189 (RNC)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X
_____X

ROBERT WEST,                                             CIVIL ACTION

     Plaintiff                                              NO. 3:03CV00190 (AWT)

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

     Defendants
_____X

_____X

ROBERT F. WRIGHT,

      Plaintiff

VS.

METRO-NORTH RAILROAD COMPANY, ET AL.,

      Defendants

_____X

CIVIL ACTION

NO. 3:03CV00191 (RNC)

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS

The plaintiffs object to the Conrail Defendants' Motion To Compel And For Sanctions and their supporting Memorandum. The Motion should be denied in its entirety and no sanctions should be imposed because the plaintiffs supplemented their 26(a) Disclosure and supplemented production of documents in response to requests for production prior to each plaintiff's deposition.

**A. BACKGROUND**

The current deadline for fact discovery in the first two groups of hearing loss cases is March 31, 2003. Of the twenty-six hearing loss cases that made up the first two groups, only five plaintiffs have not yet been deposed: Richard Laskevitch, Fred Koval, Robert Hickey, Alfred Schumacher and Timothy Sweeney. Mr. Schumacher's deposition is currently scheduled for January 9. 2004. Stipulations of dismissal have been filed in the Ed Warley, Louis Murray, Billy Joe Wilson and Henry Mackey cases.

With respect to the third and fourth groups of hearing loss cases, all fact discovery must be completed by September 30, 2004. Most of the plaintiffs in the third and fourth groups have not yet responded to Defendants' interrogatories.

Since the Court's August 14, 2003 Scheduling Order the plaintiffs diligently responded to Defendants interrogatories in the first and second groups of hearing loss cases and appeared for depositions. The Defendants adamantly demanded as many depositions take place as soon as possible. In order to accommodate the Defendants' demand for prompt depositions, several plaintiffs per month responded to Defendants' interrogatories and then appeared for depositions. The plaintiffs did supplement their document production prior to the deposition of each plaintiff. The Defendants claim in their Memorandum they do not have enough time to obtain records from healthcare providers via medical authorizations before conducting depositions. However, the Defendants should not have hastily scheduled depositions and then complain they had insufficient time to obtain medical records with properly executed HIPPA authorizations. If the Defendants fail to obtain medical records with the signed authorizations prior to conducting a 5-7 hour deposition, they can simply reschedule the deposition.

## B. LEGAL STANDARD

The following Federal Rules of Civil Procedure and Advisory Committee Notes are applicable to the issues raised in Defendants' Memorandum:

A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or a response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the Court or in the following circumstances:

(1) A party is under a <u>duty to supplement</u> at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect **and** <u>if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing</u>. . .

(2) A party is under a duty to <u>seasonably amend a prior response</u> to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect **and** <u>if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.</u>

Fed. R. Civ. P. 26(e). (Emphasis added).

With respect to disclosures made pursuant to 26(a) "The disclosure obligation attaches to both witnesses and documents a party intends to use and also to witnesses and to documents the party intends to use if - in the language of Rule 26(a)(3) -"the need arises."  A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use. . . .  Subdivision (e)(1), which is unchanged, requires supplementation if information later acquired would have been subject to the disclosure requirement.  <u>As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use.</u>

Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment. (Emphasis added).

(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, <u>unless such failure is harmless</u>, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. . . .

Fed. R. Civ. P. 37(c)(1). (Emphasis added).

## C. ARGUMENT

As set forth herein, the plaintiffs should not be sanctioned because they made and continue to make good faith efforts to respond to Defendants' discovery requests and their supplemental disclosures and production are justified.  Lastly, the timing of the plaintiffs' disclosures and production is harmless since the plaintiffs supplemented their document production prior to each plaintiff's deposition.

**Request 1:**

**Murray v. Metro-North, et al.; Strand v. Metro-North, et al., Kane v. Metro-North et al., Kautz v. Metro-North et al.; Sullivan v. Metro-North et al.; Schumacher v. Metro-North, et al.; Fuda v. Metro-North et al.; Sweeney v. Metro-North et al. and Mackey v. Metro-North, et al.:[1]**

There are no grounds for sanctions because the Defendants have not been harmed and plaintiffs have not violated any rules.  The Defendants' Memorandum simply harps on form over substance.  Prior to their depositions, the aforementioned plaintiffs produced documents, including hearing test notification reports they received from Metro-North.[2]  The Defendants admit they received the plaintiffs' supplemental disclosures and production before they took the plaintiffs' depositions, or at the latest, in one case, at the beginning of a plaintiff's deposition.[3]  The Defendants contend that supplemental disclosures and production should be a sanctionable offense; however, the plaintiffs have satisfied both their continuing duty to supplement the production of documents they "may" use per Rule 26(a) and their continuing duty to supplement documents responsive to Defendants' requests for production.   The supplemental

[1]  With respect to the Mackey case, all Defendants' arguments are moot in light of the fact the plaintiff sent defense counsel a stipulation for dismissal.  The dismissal had nothing to do with defendants' baseless allegations of discovery abuse.

[2] Most of the plaintiffs' supplemental disclosures and supplemental production of documents were Metro-North Hearing Test Notification Reports and had already been produced to the plaintiffs and Defendants by Metro-North as part of the respective plaintiff's Metro-North Medical File.

[3]   In the Scofield case the plaintiff produced the records set forth in Exhibit H to Defendants' Memorandum at the beginning of his deposition.  The Defendants had ample opportunity to question Mr. Scofield about these records during his deposition and, in fact, did question him about these records during his deposition.  At no time have the Defendants suggested, nor do they in their Memorandum, that production of these documents prior to plaintiff's deposition impaired their ability to conduct the deposition.  The plaintiff should not be sanctioned for supplementing his production during the course of discovery because (1) he is required to supplement production and (2) the defendants were not prejudiced in any manner in connection with the timing of the production.  Thus, the timing of the disclosures was harmless and therefore no sanctions are warranted.  See Fed. R. Civ. P. 37(c)(1) (no preclusion if disclosure is harmless).

disclosures and production were made before each respective plaintiff's deposition and caused no harm to the Defendants.

The plaintiffs did not object to most of the Defendants' discovery requests. Ironically, the Defendants refer to this practice as "deceptive." It appears the Defendants would prefer objections to every discovery request as they themselves have done in response to plaintiffs' discovery requests. Moreover, it is peculiar the Defendants take the position that responding to a request for production, absent objection (thereby making it clear the responding party is under a continuing duty to supplement) should be sanctioned. The Defendants objected to every single one of the plaintiffs' discovery requests with a three page "general objection" followed by more boilerplate objections. If the Defendants are correct in their argument that a party is precluded from using any document disclosed or produced after an initial 26(a) Disclosure (which they are not), they would be precluded from introducing any documents concerning their hearing loss program or their affirmative defenses since they have not produced a single document pertaining to their hearing loss program and in support of their affirmative defenses. The only documents the Defendants have produced to date are plaintiffs' medical/personnel file.

The Defendants contend plaintiffs' counsel should be sanctioned for making supplemental disclosures that were not made a part of plaintiff's initial 26a Disclosure. The Defendants' arguments are misplaced and legally incorrect. The Defendants mistakenly argue whenever plaintiffs supplement their initial 26(a) Disclosure or supplement production of documents in response to a request for production by

producing documents, the plaintiffs must amend their 26(a) Disclosure, amend their response to requests for production, and amend their interrogatory answers.  This is not the law.  Parties only need to amend a response to a request for production if "the response is in some material respect incomplete or incorrect **and** if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(2) (emphasis added).  The hearing loss plaintiffs have supplemented their responses, in writing, during the discovery process and therefore do not have to amend their actual 26(a) Disclosures or their responses to requests for production.

**Bakutis v. Metro-North et al.:**

The reason the November 8, 2000 audiogram was not produced with the plaintiff's September 3, 2003 discovery responses is because it already was produced in May of 2003.  On May 27, 2003, the plaintiff sent defense counsel supplemental production that included a copy of the November 8, 2000 audiogram from Southern New England Ear, Nose and Throat Group that was in his possession.  App. A (A copy of the plaintiff's cover letter and the audiogram that was enclosed therewith).  Also, in his May 27, 2003 dated interrogatory response to interrogatory 17 (seeking the identity of "any health care professional who informed you of your injury"), the plaintiff  identified "Howard Patrick Boey, M.D., F.A.C.S. of Southern New England Ear, Nose, Throat & Facial Plastic Surgery Group of 50 Saybrook Rd, Middletown, CT.  App. A.

With respect to the individual cases discussed on pages 18 through 28 of Defendants' Memorandum, they baldly assert that they have been "significantly

prejudiced," but fail to identify any specific prejudice whatsoever from the timing of any of the plaintiffs' supplemental disclosures and supplemental production. Supplemental production was made and will continue to be made when responsive documents are discovered.

**Request 2:**

As discussed above with respect to the Request 1, the plaintiffs are also under a continuing duty to supplement their response to Request 2. In the <u>Mackey</u>, <u>Geary</u> and <u>Sweeney</u> cases, each plaintiff did supplement their response prior to their deposition. No sanction is justified or warranted. Again, the plaintiffs did not draft three pages of "general objections" and object to every request for documents. The plaintiffs, by not objecting, made it clear they are under a continuing duty to supplement their production and they supplemented their production, and they have complied with this duty. If necessary, the plaintiffs will continue to comply with this duty and supplement their production.

The Defendants also argue that the plaintiffs have to amend their written responses to requests for production. The plaintiffs are only required to amend a response if it is "in some material respect incomplete or incorrect **and** <u>if the additional or corrective information has **not** otherwise been made known to the other parties during the discovery process or in writing</u>." Fed. R. Civ. P. 26(e) (emphasis added). In the cases discussed by the defendants, the additional or corrective information was provided to the Defendants in writing. <u>See</u> <u>e.g</u>. Exhibits C, D, E, F, I, K and L to Defendants' Memorandum.

**Request 4:**

Work product material prepared after the commencement of an action does not have to be identified in a privilege log.  D. Conn. L. R. Civ. P. 37(a).

**Request 5:**

There is nothing to compel.  If any responsive documents are discovered, the plaintiffs will produce them.  The Defendants by their own admission received the responsive documents before Plaintiff Bakutis' deposition and thoroughly questioned him about the documents during his deposition.  The Defendants suffered no harm from the timing of plaintiffs' supplemental production.   Accordingly, no sanctions are warranted.

The Defendants complain they were harmed because Plaintiff Kane did not identify in his interrogatory answers whether he made written or oral complaints.  The Defendants interrogatory, however, does not ask whether the complaints were written or oral.

The Defendants complain that Plaintiff Kane never "saw" their Request For Production.  Plaintiffs' counsel does not have to show Requests for Production to individual plaintiffs to find out if there are responsive documents - oral communication is an acceptable method of inquiring whether a plaintiff has documents.[4]

_____

[4] The plaintiffs have different educational backgrounds.  Many plaintiffs failed to complete high school, and others have a high school degree.  A few plaintiffs have post-high school degrees or have taken some college classes.

Based on the transcript attached as Exhibit N to Defendants' Memorandum,[5] Plaintiff Kane did not "testif[y] that he maintained a file at home which contained a variety of documents relating to his hearing loss claim . . ." as the Defendants claim in their Memorandum at p. 35.  <u>See</u> Exhibit N attached to Def.s' Memorandum, p. 67 (Plaintiff Kane testified he may have some records at home relative to some injuries he may have suffered on the job.)  Plaintiff Kane was asked the following question "Do you have any copies of any written complaints that you <u>may</u> have made over the years?" (Emphasis added).  He answered, "probably at home."  Plaintiff Kane made verbal complaints and does not possess any written complaints.

**Request 8:**

It is not clear what types of documents "pertain to the investigation of plaintiff's hearing loss" and therefore, "any document" is overly broad.  If the defendants are seeking certain types of documents, they should make this request narrower.

Lastly, work product material prepared after the commencement of an action does not have to be identified in a privilege log.  D. Conn. L. R. Civ. P. 37(a).

**Request 10:**

The plaintiffs have no objection to this request provided it is limited to records related to hearing, hearing loss, and or problems with their ears.  To the extent it seeks records beyond this, the request is not reasonably calculated to lead to the discovery of admissible evidence and it is overbroad.

---

[5] Plaintiff's counsel does not possess any portions of the transcript other than the portions contained in Defendants' Exhibit N.

**Request 11 and 12:**

Requests 11 and 12 are overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For example "any and all documents containing names and addresses of all witnesses" is overly broad.  If the defendants seek specific types of documents they should identify the types that they seek.

Request 12, for example, is overly broad because it seeks reports made by "any witness to the unreasonably unsafe working conditions and/or excessive noise" but the topics of any reports are not limited to matters pertaining to excessive noise. Accordingly, the plaintiffs' objections should be sustained and the Defendants should describe the types of documents they seek with more particularity and narrow the scope of these requests.

**Request 13:**

To date no such responsive documents have been obtained or discovered. Obviously, if such documents are found to exist, the plaintiff or plaintiffs will produce them.

**Request 14:**

The plaintiffs also object to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence since it is not limited to rules pertaining to noise, use of hearing protection, or hearing conservation.  Ironically, the Defendants claim entitlement to their own safety rules and policies that they themselves object to producing and have refused to produce.  This is so even though the plaintiffs'

requests are limited to rules pertaining to noise, use of hearing protection, and hearing conservation.

**Request 18:**

Since the Defendants seek documents from every doctor who has ever treated the plaintiffs from their early childhood to the present and from doctors whose treatment had nothing to do with the plaintiffs' ears or hearing, such as orthopedists and dermatologists, the Court instructed the Defendants to draft authorizations for medical records and forward them to plaintiffs' counsel for the plaintiffs to sign. See Court's September 3, 2003 Order, p. 15. Since the Court's September 3, 2003 Order, authorizations for the medical providers identified in Appendix B attached hereto were sent by the Defendants to the plaintiffs, signed by the plaintiffs, and returned to the Defendants.[6] No plaintiffs have refused to sign authorizations provided by Defense counsel. The plaintiffs object to any change to this procedure because it is working.

It is unduly burdensome to require the plaintiffs to draft authorizations for every doctor they have ever seen in their lives. The request is overly broad because it also seeks authorizations from doctors that have nothing to do with plaintiffs' hearing. The Court should not change the process set forth on September 3, 2003 because (1) the Defendants agreed to it, (2) it is working, and (3) it is a fair way to proceed in light of the extremely broad scope and time period of the medical records being sought and the irrelevance of the records being sought. It is only fair that the Defendants draft

---

[6] Appendix B contains cover letters that accompanied medical authorizations executed and returned in this manner. The actual authorizations have not been attached.

authorizations since they want records from every doctor who ever treated the plaintiffs, even if the records have nothing to do with their ears or hearing. The plaintiffs will continue to sign authorizations provided by defense counsel even though the medical records sought have nothing to do with hearing or hearing loss.

It should come as no surprise to the Defendants or the Court that most of the third and fourth groups of hearing loss plaintiffs have not completed responses to interrogatories. During the scheduling conference this past August the parties agreed to a fact discovery deadline of September 30, 2004 for the third and fourth groups of hearing loss cases. This past fall, with respect to the first and second groups, several plaintiffs' interrogatory answers were completed each month and sent to defense counsel, who approximately a few weeks later would insist on taking the plaintiffs' depositions. At the time of the scheduling conference, plaintiffs' counsel suggested that defense counsel hold-off on depositions until all written discovery was completed; however, defense counsel was adamant about proceeding with depositions as rapidly as possible. In Defendants' Memorandum, they suggest that this procedure is not giving them enough time to obtain authorizations before taking the plaintiffs' depositions. The plaintiffs in the third and fourth groups of hearing loss cases have no objection to completing their interrogatory answers in January, February, and March and submitting to depositions in May, June, July, August and September, provided the Defendants refrain from demanding their depositions commence in January through March. It is hypocritical for the Defendants to demand immediate depositions, and then complain

that they did not have enough time to get responses to their medical authorizations before a deposition.

**D. CONCLUSION**

For the foregoing reasons, the Court should deny the Defendants' Motion in its entirety.

FOR THE PLAINTIFFS,


By_____
    Scott E. Perry (ct17236)
    CAHILL & GOETSCH, P.C.
    43 Trumbull Street
    New Haven, Connecticut  06511
    (203) 777-1000



**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this _____ day of December, 2003, to Lori A. McCarthy, Esq., Flynn & Associates, P.C., 189 State Street, 6th Floor, Boston, Massachusetts 02109; and to Anthony D. Sutton, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905.



_____
Scott E. Perry